UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DONOVAN DRAYTON,

        Plaintiff,

- against -

THE CITY OF NEW YORK, *et al.*,

        Defendants.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-7091 (RRM) (RLM)

ROSLYNN R. MAUSKOPF, United States District Judge.

On May 20, 2020, this Court granted in part and denied in part defendants' motion for summary judgment. (5/20/2020 Mem. & Order (Doc. No. 45).) Now before the Court is defendants' motion for reconsideration. (Mot. for Recons. (Doc. No. 50).) For the reasons set forth below, the motion for reconsideration is denied.

## BACKGROUND

Although familiarity with the facts and procedural history of this case is assumed, the Court will briefly recap the background in this case. In December 2017, Plaintiff Donovan Drayton brought this action against the City of New York, Sergeant Mark Sinatra, Detective Brian Volpi, Detective Roberto Toribio, and Detective Edwin Estrada, alleging several civil rights violations. (Complaint (Doc. No. 1) ("Compl.").) At the core of Drayton's complaint are allegations that the defendants arrested and prosecuted him for possession of crack cocaine that defendants planted on him. (*Id.*) The complaint alleges four causes of action: (1) § 1983 false arrest claim against all defendants, (2) § 1983 malicious prosecution claim against all defendants, (3) § 1983 failure to train claim against the City, and (4) § 1983 municipal liability against the City. (*Id.*) Pursuant to a stipulation between the parties, the third and fourth causes of action were bifurcated and discovery on those claims was stayed pending resolution of the underlying

constitutional violations. (Stipulation dated March 15, 2018 (Doc. No. 11).) On May 3, 2019, defendants filed a motion for summary judgment on the false arrest and malicious prosecution claims, but not the bifurcated municipal liability claims against the City. (Defs.' Motion for Summary Judgment (Doc. No. 37).) Defendants primarily argue that they are entitled to summary judgment on Drayton's false arrest and malicious prosecution claims because there is no disputed issue of fact as to whether defendants had probable cause to arrest Drayton and Drayton cannot create a disputed issue of fact through his own self-serving testimony. (*Id.*) In their motion, defendants cited this Court's decision in *Apostol v. City of New York*, No. 11-CV-3851 (RRM) (CLP), 2014 WL 1271201 (E.D.N.Y. Mar. 26, 2014), for the proposition that a plaintiff cannot defeat a motion for summary judgment by "unsupported conclusory allegation[s] that someone must have planted the evidence." (*Id.* at 10.)

On May 20, 2020, this Court granted in part and denied in part defendants' motion for summary judgment. (5/20/2020 Mem. & Order.) The Court dismissed with prejudice all claims against Sergeant Sinatra; Drayton's false arrest claim against Detective Toribio; and Drayton's malicious prosecution claim against Detective Estrada. (*Id.*) The Court denied summary judgment in all other respects. (*Id.*)

Defendants timely sought reconsideration of the Court's Order on defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 6.3. (Mot. Reconsideration (Doc. No. 50).) Defendants advance three grounds for reconsideration. (*Id.*) First, they argue that they are entitled to reconsideration because "the Memorandum and Opinion did not address Defendants' motion point that the Plaintiff's deprivation of liberty suffered in July of 2017 was unrelated to his February 2017 arrest." (*Id.* at 4.) Second, they argue that the Court should reconsider its prior Order because the Court did not address Drayton's factual

2

theory of how the drugs could have been planted on him.  (*Id.* at 4–7.)  Third, defendants assert that reconsideration is warranted because the Court did not address *Apostol v. City of New York*, No. 11-CV-3851 (RRM) (CLP), 2014 WL 1271201 (E.D.N.Y. Mar. 26, 2014), *aff'd*, 607 F. App'x 105 (2d Cir. 2015) (summary order) in its prior ruling but instead relied upon *Bellamy v. City of New York*, 914 F.3d 727 (2d Cir. 2019), which, defendants argue, "did not overturn Second Circuit case law concerning the inability of plaintiffs to create genuine issues of material facts by relying solely on their deposition testimony."  (*Id.* 7–14.)

Drayton opposes defendants' motion for reconsideration, arguing that defendants have not met the strict standard for reconsideration and instead are seeking to relitigate defendants' motion for summary judgment.  (Opp. to Mot. Reconsideration (Doc. No. 51).)

## DISCUSSION

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Butto v. Collecto Inc.*, 845 F. Supp. 2d 491, 494 (E.D.N.Y. 2012) (quoting *Trans-Pro Logistic Inc. v. Coby Electronics Corp.*, No. 05-CV-1759 (CLP), 2010 WL 4065603, at *1 (E.D.N.Y. Oct. 15, 2010) (internal quotation marks and citation omitted)).  Under Federal Rule of Civil Procedure 59(e) and Local Rule 6.3, "[a] motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision."  *In re N.Y. Cmty. Bancorp, Inc., Secs. Litig.*, 244 F.R.D. 156, 159 (E.D.N.Y. 2007); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Webb v. City of New York*, No. 08-CV-5145 (CBA), 2011 WL

3

5825690, at *1 (E.D.N.Y. Nov. 17, 2011) (internal quotation marks and citation omitted). It "may not . . . be used as a vehicle for relitigating issues already decided by the Court," *id.*, at *1 (internal quotation marks and citation omitted), and "[a] moving party may not merely reiterate or repackage an argument previously rejected by the court," *In re N.Y. Cmty. Bancorp*, 244 F.R.D. at 160. In other words, a motion for reconsideration "is not an opportunity for a second bite at the apple." *Id.* (internal citation and quotation marks omitted).

The Court finds that defendants have failed to satisfy the demanding standard for reconsideration. Defendants' first two arguments for reconsideration contend that the Court overlooked certain factual matters. However, the factual matters that defendants point to have no bearing on whether there is a disputed issue of fact as to whether the defendants had probable cause to arrest Drayton – the key issue in defendants' motion for summary judgment. Additionally, these facts, which were already before the Court on defendants' motion for summary judgment, would not have changed the Court's decision.

Defendants' third argument, that the Court should not have overlooked its own precedent in *Apostol*, 2014 WL 1271201, which was affirmed by the Second Circuit in a non-precedential summary order, similarly does not satisfy the demanding standard warranting reconsideration. When the Court decided *Apostol* in 2014, the Court did not have the benefit of the guidance of the Second Circuit's 2019 decision in *Bellamy*, 914 F.3d 727. Accordingly, in *Apostol*, the Court held that a plaintiff cannot withstand summary judgment by making "unsubstantiated, convenient claims." *Apostol*, 2014 WL 1271201, at *6. However, in *Bellamy* and progeny, the Second Circuit has made it clear that on summary judgment the Court cannot disregard a plaintiff's own deposition and affidavit testimony, even if it is uncorroborated by other evidence, so long as the testimony is not "'so replete with inconsistencies and improbabilities that no reasonable juror'

4

could credit it." *Adamson v. Miller*, 808 F. App'x 14, 17 (2d Cir. 2020) (summary order) (quoting *Bellamy*, 914 F.3d at 746) (vacating the district court's grant of summary judgment because plaintiff's testimony created a factual dispute).

Relying on *Bellamy*, the Court held in its Prior Memorandum and Order that Drayton's "consistent and uncomplicated" deposition testimony and affidavit stating that he did not possess narcotics on the day of his arrest raised a triable issue of fact that must be resolved by the jury. (5/20/2020 Mem. & Order at 9–10.) The Court refused to make the credibility determination that defendants urged the Court to make on their motion for summary judgment and urge again here. (*Id.*) In light of *Bellamy*, and even more recently *Adamson*, defendants' third argument for reconsideration fails and the defendants' motion for reconsideration is denied.

## CONCLUSION

For the reasons stated above, defendants' motion for reconsideration is denied. This action is re-committed to the assigned magistrate judge for all remaining pretrial proceedings, including settlement discussions as appropriate.

SO ORDERED.

Dated: Brooklyn, New York  
　　　　March 26, 2021

*Roslynn R. Mauskopf*  
_____  
ROSLYNN R. MAUSKOPF  
United States District Judge